IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 80636-0-I |
| Respondent, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| VIRGINIA BETH SHOFNER, | |
| Appellant. | FILED: January 21, 2020 |

CHUN, J. — Virginia Shofner pleaded guilty to felony driving under the influence (DUI), driving while license suspended (DWLS), and driving without an ignition interlock. The trial court sentenced Shofner to 24 months in prison, rejecting her request for an exceptional downward sentence on the basis of her struggles with bipolar disorder.

On appeal, Shofner argues the trial court failed to exercise its sentencing discretion, insofar as it did not consider her history of mental health issues. Thus, she argues we should remand for resentencing. Shofner also argues the trial court improperly imposed a $200 criminal filing fee and a $100 DNA collection fee, because she is an indigent defendant. We affirm Shofner's sentence but remand to the trial court to strike the criminal filing fee and DNA collection fee.

## I. BACKGROUND

Shofner pleaded guilty to felony DUI, DWLS, and driving without an ignition interlock.

At sentencing, Shofner's parents spoke about her struggles with bipolar disorder and her use of alcohol as a form of self-medication. Shofner's chemical dependency counselor also spoke at sentencing, requesting the trial court give Shofner an opportunity to enter treatment.

Shofner's felony DUI conviction had a standard range of 22–29 months. At sentencing, the State requested a 29-month sentence. Shofner requested a 24-month sentence based on a claimed prior agreement with the State and, in the alternative, an exceptional downward sentence based on diminished culpability arising from her mental health issues. The trial court imposed a 24-month sentence for the felony DUI count with 12 months of community custody, and 364 days for the DWLS and driving without an ignition interlock counts, to run concurrently.

## II. ANALYSIS

### A. Resentencing

Shofner argues she is entitled to resentencing because the trial court abused its discretion by failing to consider her mental health as a possible mitigating factor and reason for an exceptional downward sentence. The State argues the trial court did not refuse to consider such circumstance as a possible mitigating factor. We agree with the State.

A trial court may impose an exceptional downward sentence if it finds, by a preponderance of the evidence, that "[t]he defendant's capacity to appreciate the wrongfulness of [their] conduct, or to conform [their] conduct to the requirements of the law, was significantly impaired," except in instances of voluntary use of drugs or alcohol. RCW 9.94A.535(1)(e). When a trial court denies a defendant's request for an exceptional downward sentence, our "review is limited to circumstances where the court has refused to exercise discretion at all or has relied on an impermissible basis for refusing to impose an exceptional sentence below the standard range." State v. Garcia-Martinez, 88 Wn. App. 322, 330, 944 P.2d 1104 (1997). A trial court that has considered the facts and concluded that no basis exists to impose a sentence outside the standard range has exercised its discretion. Garcia-Martinez, 88 Wn. App. at 330. A "failure to exercise discretion is itself an abuse of discretion subject to reversal." State v. O'Dell, 183 Wn.2d 680, 697, 358 P.3d 359 (2015).

Here, the record reflects the court's awareness that Shofner suffered from mental illness. At sentencing, the trial court allowed Shofner's parents to discuss her struggles with bipolar disorder. Shofner's chemical dependency counselor also spoke, saying that Shofner's mental health issues need to be addressed, and that she believed Shofner genuinely wanted help with her mental health issues. The court also accepted information establishing Shofner's bipolar diagnosis.

3

The trial court then considered these facts, stated that it did not "question [Shofner's] mental health issue," and referred to her diagnosis as "legitimate." The trial court also noted its respect for the opinion of Shofner's chemical dependency counselor, stating that the counselor has "a sixth sense about knowing who's serious and who's not[,] and who's got potential and who doesn't." However, the trial court concluded that it did not view Shofner's "mental health issue as a legally sufficient basis for an exceptional [downward] sentence." By considering these facts, the trial court exercised its discretion; thus, the trial court did not abuse its discretion.

B. Legal Financial Obligations

Shofner argues that we must strike the $200 criminal filing fee and $100 DNA collection fee because Shofner is an indigent defendant with prior convictions. The State concedes this point and we agree.

Under State v. Ramirez, 191 Wn.2d 732, 426 P.3d 714 (2018), discretionary costs may not be imposed on indigent defendants. The $200 criminal filing fee is discretionary. Ramirez, 191 Wn.2d at 748. The $100 DNA collection fee cannot be imposed on a defendant if the State has previously collected their DNA as the result of a prior conviction. RCW 43.43.7541.

Shofner is an indigent defendant with prior convictions. Thus, we remand to the trial court to strike the $200 criminal filing fee and the $100 DNA collection fee.

Sentence affirmed, with remand to strike the criminal filing fee and DNA collection fee.

_____Chun, J._____

WE CONCUR:

_____        _____